UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Ekaterina Chmunevich,

Plaintiff

v.

Markwayne Mullin, et al.,

Defendants

Case No. 2:25-cv-01582-CDS-NJK

**Order Granting Plaintiff's Motion for Leave to File Second Amended Complaint and Denying as Moot Defendants' Motion to Dismiss First Amended Complaint, Plaintiff's Motion for Leave to File Sur-reply, and Defendants' Motion for Leave to File Response**

[ECF Nos. 21, 29, 30, 38]

Plaintiff Ekaterina Chmunevich brought this action against the federal defendants seeking adjudication of her Form I-485. First am. compl., ECF No. 16. The federal defendants then moved to dismiss the first amended complaint (ECF No. 21), the plaintiff filed a motion for leave to file a sur-reply (ECF No. 29), and the federal defendants moved for leave to file a response to the plaintiff's proposed sur-reply (ECF No. 30). Those motions, as well as the first amended complaint, are now moot because the plaintiff's Form I-485 has been adjudicated. *See* Status report, ECF No. 33; I-485 decision, ECF No. 34 (sealed) (showing that the plaintiff's Form I-485 was denied on August 5, 2026). Accordingly, the motion to dismiss and related motions for leave are denied as moot, and the August 12th hearing is vacated.

The plaintiff concedes that the first amended complaint is moot because her Form I-485 was denied. Notice regarding mootness, ECF No. 37. But she argues that the *action* is still live because she now seeks to challenge the denial as unlawful. *See id.* Specifically, she seeks leave to file a second amended complaint so that she can challenge the denial as unlawful under the APA and the Fifth Amendment. *See* Mot. for leave to file second am. compl., ECF No. 38. For the reasons set forth below, I grant her motion for leave.[1]

[1] Although responses are due August 20, 2026, I do not require a response from the federal defendants to render a decision on the plaintiff's motion.

## Discussion

Under Rule 15(a), "court[s] should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a). "Several factors govern the propriety of a motion to amend: (1) undue delay, (2) bad faith, (3) prejudice to the opponent, and (4) futility of amendment." *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986) (citation omitted). "Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) (citing *Carrico v. City and Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011)). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).

Here, upon review of the motion for leave, the futility of granting leave to amend the complaint is in question. This is because it is unclear whether the court has the power to remedy the alleged harm, particularly in light of the INA's jurisdiction-stripping statute. *See* 8 U.S.C. § 1251(a)(2). Even so, because courts should freely give leave to amend, I grant the plaintiff's motion for leave so the question can be resolved on the merits.

## Conclusion

IT IS HEREBY ORDERED that the plaintiff's motion for leave to file a second amended complaint **[ECF No. 38] is GRANTED**. The first amended complaint is dismissed, and the August 12, 2026 hearing is vacated. The plaintiff's second amended complaint must be filed by August 14, 2026. LR 15-1(b).

IT IS FURTHER ORDERED that the parties' motion to dismiss, motion for leave to file a sur-reply, and motion for leave to file a response **[ECF Nos. 21, 29, 30] are DENIED as moot.**

Dated: August 10, 2026

Cristina D. Silva
United States District Judge